UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES YOUNG                              :
    Plaintiff,                         :
                                       :
v.                                       :    3:11-cv-01363-WWE
                                       :
CITIMORTGAGE, INC.,                      :
    Defendant.                         :

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaitiff James Young filed this consumer class action on behalf of himself and all other individuals whose contractual rights were allegedly violated when defendant Citimortgage, Inc. ("Citi") or its predecessor in interest, overcharged them interest on their loan agreements. Defendant has moved to dismiss the complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6).

For the following reasons, defendant's motion to dismiss is will be granted in part and denied in part.

### BACKGROUND

For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the complaint as true and draws all inferences in favor of plaintiff.

Plaintiff filed this consumer class action on behalf of himself and all other individuals whose contractual rights were allegedly violated when Citi overcharged them interest on their loan agreements and subsequently failed to properly amortize their accounts upon discovery of the error. Citi allegedly breached the loan agreements and violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§42-110a *et seq.*

On October 14, 1987, plaintiff entered into a loan agreement with defendant. The loan agreement included an adjustable rate rider that provided that the interest rate under the loan agreement would be adjusted by adding a specified percentage to an index on November 1, 1988 and every 12 months after that until the loan agreement was repaid. Sometime prior to December 2009, defendant stopped adjusting the interest rate. Plaintiff was charged more for interest than he should have been due to defendant's failure to adjust the rate.

Plaintiff brought this action as a class action. The class members are similarly situated to plaintiff in that they entered into adjustable rate loan agreements with defendant, who failed to adjust their interest rates in accordance with their loan agreements and charged them more interest than the amount provided for under the loan agreements. A subclass of class members entered into agreements in Connecticut.

Plaintiff aims to hold defendant liable to plaintiff and the class members for their actual and consequential damages pursuant to defendant's alleged breach. In addition, plaintiff has alleged that subclass members whose loan agreements were formed in Connecticut have suffered ascertainable loss through defendant's alleged violation of CUTPA.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Count One - Breach of Contract**

Defendant contends that plaintiff's breach of contract claim fails for three reasons:  First, plaintiff has failed to state a claim.  Second, the voluntary payment doctrine bars the claim. Third, the applicable statute of limitations partially bars plaintiff's claim.

Defendant argues that plaintiff has not articulated enough to provide defendant with sufficient notice of plaintiff's claims to be able to defend itself in this litigation.  Alternatively, defendant asserts that plaintiff's complaint fails to allege all elements of a breach of contract claim.

Under Connecticut law, the elements of a breach of contract action are (1) formation of an agreement, (2) performance by one party, (3) breach of the agreement by the opposing party, and (4) damages.  McCann Real Equities Series XXII, LLC v. David McDermott Chevrolet, Inc., 93 Conn. App. 486, 503 (2006).  Defendant argues that plaintiff has failed to allege performance by plaintiff and damages.  This argument fails.

Plaintiff alleged that defendant charged customers more than their agreements stated and subsequently failed to extinguish the overcharges upon discovery.  It can reasonably be inferred from the complaint that customers performed their end of the agreement by paying more than they agreed when they were overcharged.  Similarly, defendant's failure to void the overages clearly resulted in damage to its customers.  As the Court must draw all reasonable inferences in

favor of the pleader, plaintiff's complaint will not be dismissed for failure to state a breach of contract claim.   Plaintiff's allegations are sufficient to raise a right to relief well above the speculative level and the contention that defendant lacks sufficient notice to defend itself is untenable.

Defendant next argues that plaintiff's breach of contract claim is barred by the voluntary payment doctrine.  "The voluntary payment doctrine precludes a plaintiff from recovering payments made with full knowledge of the facts and with a lack of diligence in determining his contractual rights and obligations." Spagnola v. Chubb Corp., 574 F.3d 64, 72 (2d Cir. 2009).  In Spagnola, the Second Circuit reversed the district court's dismissal of plaintiff's breach of contract claims pursuant to the voluntary payment doctrine. Id. at 74.  There, the plaintiff insured was notified that both his coverage and premiums were increased every year - thus, the disputed payments were pursuant to the contract - not in breach of it. Id. at 70-71.  Even so, the Court of Appeals held that it was too early at the dismissal stage to determine if the voluntary payment doctrine barred Spagnola's claim. Id. at 73.

Plaintiffs are not required to plead facts in the complaint in anticipation of affirmative defenses such as the voluntary payment doctrine. Id.  This is especially the case where, here, unlike in Spagnola, defendant's actions were contrary to the agreement.  Therefore, plaintiff's breach of contract claim is not barred by the voluntary payment doctrine.

Finally, defendant contends that portions of plaintiff's breach of contract claim are time barred.  Under Connecticut law, breach of contract claims are subject to a six year statute of limitations.  Conn. Gen. Stat. §52-576(a).  Whether portions of plaintiff's breach of contract claim are time barred depends upon when the alleged overcharges began.  That determination

4

requires factual inquiry beyond the face of the complaint.  More importantly, the complaint states that defendant stopped adjusting interest rate sometime prior to December, 2009, well within the six year limitations period.  The Court will not dismiss a claim because a "portion" of the claim is time barred when another portion of the claim is clearly not.

**Count Two - Subclass Claims for Unfair Trade Practices**

Plaintiff has conceded through his memorandum in opposition that the CUTPA violation claim should be dismissed at this juncture.  Plaintiff has requested that he be given leave to amend his complaint within ninety days of this decision pending his acquisition of more information.  The Court will dismiss the CUTPA claim but deny this request.  However, plaintiff may move for leave to amend his pleading pursuant to Rule 15(a)(2) should he discover that a CUTPA claim is warranted.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's CUTPA violation claim is dismissed, but the breach of contract claim stands.  Plaintiff should amend his complaint to remove the CUTPA claim.

Dated this 21st day of September, 2012 at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE